[CHAMBERSBURG, NOVEMBER 1, 1828.]

| 2r 213<br>35 SC 215 |

FOLKER and another, Administrators of HUGGINS, *against* SATTERLEE.

#### IN ERROR.

In no case can a continuance be demanded by reason of an amendment, unless where the opposite party is thereby taken by surprise, and of that matter, generally, the court must judge.

WRIT of error to the Court of common Pleas of *Perry* county.

The material part of the case, in substance, was:—*Satterlee,* the plaintiff below, sued one *Rogers* and *Huggins,* the intestate, jointly, in debt on a promissory note, by summons, which was returned, *served* on *Huggins,* and *non est inventus,* as to *Rogers.* There was a general appearance by attornies, marking their names on the margin of the docket, and a plea apparently by *Huggins* only, the words being, the *defendant pleads. Huggins* afterwards dying, a writ of *Scire Facias* was sued out against *Folker* and *Rinehart,* his administrators, to bring them in as a party to the former action, according to the act of assembly. *Purd. Dig.* 276.   3 *Sm. L.* 30. The administrators appeared to the *Scire Facias,* by their attorney, and being afterwards called upon by motion, in court, to become party defendants to the original suit, they declined it. And, persisting in

(Folker and another, Administrators of Huggins, *v*. Satterlee.)

the refusal, they offered sundry pleas to the *Scire Facias*: 1. *Nul tiel record*. 2. That if there be any record of any suit, &c. it is of a suit against *Rogers* and *Huggins* both, to which they both pleaded, and issue was joined, and that while the cause was pending, *Huggins* died, viz. on the 6th of *December*, 1824, and that *Rogers* is still in full life. 3. *Non assumpsit* and payment. 4. *Plene administraverunt* and *no assets;* which pleas were filed. At the same time, the plaintiffs' counsel asked leave to withdraw the statement in the first suit, and file a new one, materially amended. This was opposed on the part of the defendants, but granted by the court. The defendants then asked a continuance, alleging surprise. The court held, that all the matters pleaded, or applied for on behalf of the defendants, could only be investigated after an appearance to the original suit, or upon trial, on proper issues to be formed. Whereupon, on motion of the plaintiff's attorney, the court gave judgment in the original suit against the estate of *Huggins*, in the hands of the administrators. A bill of exceptions was tendered and sealed.

Errors assigned:—

"1. In permitting the new statement to be filed, without a continuance.

"2. In giving judgment for the plaintiff, when it should have been for the defendants."

The cause was argued by *S. Alexander* and *Carothers*, for the plaintiffs in error; and by *Watts* and *Penrose*, for the defendant in error.

The opinion of the court was delivered by

Tod, J.—The amendment was rightly permitted. We hold the law to be, that in no case can a continuance be demanded by reason of an amendment, unless when the opposite party is thereby taken by surprise: and of that matter, generally, the court below must judge. Here, it does not seem, that any immediate trial was intended. All that was asked for at the time, was, that the administrators should defend in the original action. The plea of *nul tiel record*, was certainly one which the defendants below had a right to put in to the *Scire Facias*. But it was a plea for the court to decide on by inspection; and, we think, they virtually did decide it against the defendants correctly. To the *Scire Facias* the defendants might also have pleaded, that they were not administrators: they might have objected want of due notice on the summons, or relied upon any fact, to show, that they ought not to be put into the cause, and compelled to stand in the former place of the intestate: but they offered nothing of the kind. The plea, that if there was any record of any suit, it was of a suit against *Rogers* and *Huggins;* that they both appeared, and pleaded to it; that *Huggins* died, and that *Rogers* was still living, was completely inadmissible. It was multi-

(Folker and another, Administrators of Huggins, *v.* Satterlee.)

farious; it was mingling matters of fact and law; it was putting to the jury a question of the merest law, upon the construction of the record. Our opinion is, that the court below gave the judgment which the act of assembly expressly required to be given.

Judgment affirmed.