## Tassey *against* Church.

4 WS 141
20 SC ³226

A plaintiff, in an action on the case in *assumpsit*, may amend his declaration on the trial of the cause, by increasing the amount of his claim in the several counts, and making a corresponding alteration in the amount of damages; and whether this be a sufficient cause to entitle the defendant to a continuance of the cause, is a matter of discretion with the court.

The acts and declarations of a partner after the dissolution of partnership cannot be given in evidence to affect any one but himself; but if he be both plaintiff and defendant by virtue of the Act of Assembly of the 14th April 1838, they may be given in evidence for that purpose, and to affect his co-defendant who acted with him.

The acknowledgment of a defendant that a certain sum is due, raises an implied promise to pay the amount, and it is recoverable under a count for account stated.

ERROR to the District Court of *Allegheny* county.

This was an action of *assumpsit* by Church, M'Vay, and Gordon, for the use of James T. M'Vay and Franklin M. Gordon against John Tassey and Samuel Church, lately trading under the firm of Tassey and Church. The declaration was on the common money counts. After the jury were sworn, the court, on motion of the plaintiffs, permitted the declaration to be amended, by substituting $32,000 in the place of $1500 in the various counts, and by altering the amount of damages so as to correspond with the same. To this the defendants excepted. On the alteration being made, the defendants moved the court for a continuance of the cause, alleging surprise, but the court overruled the motion and sealed a second bill of exceptions.

John Tassey and Samuel Church composed the firm of Tassey

and Church, and Samuel Church, James T. M'Vay, and Franklin Gordon, composed the firm of Church, M'Vay, and Gordon. The firm of Tassey and Church was dissolved on the 12th September 1837; that of Church, M'Vay, and Gordon, was dissolved on the 26th October 1839. This suit was brought to recover a balance due the plaintiffs by the defendants, upon a settled account. The plaintiffs offered to prove that on the 15th November 1839, Samuel Church, John Tassey, and James T. M'Vay were together, and that a settlement of the account between the parties was made, and a balance struck of $25,225.39, upon which there was a conditional credit of $13,939; that an agreement was then made by which Tassey was to give his note for $11,286.39; but the notes were not given, in consequence of M'Vay requiring an endorser on them, and the arrangement was not consummated.

The defendants objected to the evidence of any matter of account that accrued subsequently to the dissolution of the partnership; but the court overruled the objection and sealed a bill of exception.

SHALER, President, referred the matter of fact to the jury, with instructions, that if they believed that the defendant acknowledged the account and admitted the balance due, he was liable in account stated.

*Hampton* and *Dunlop*, for plaintiffs in error, argued that the amendment was a new cause of action; the declaration was upon a specific account stated, and a balance struck of $1500. The amendment changed the cause of action to an entirely different account stated, in which a balance had been struck of $32,000. The action is founded upon a contract which was most materially changed by the amendment. 8 *Serg. & Rawle* 287; 1 *Show.* 209; 1 *Whart.* 87; 2 *Whart.* 160; 2 *Rawle* 338; 1 *Whart.* 11; 2 *Watts* 211; 1 *Dall.* 461; 7 *Term Rep.* 132; 2 *Dall.* 143; 1 *Yeates* 509. At common law we had a right to a continuance, which is not taken away by the statute; but on the contrary the statute gives the party surprised a right to continue; and there can be no doubt that the addition of $30,000 to the plaintiff's claim was calculated to surprise the party. 1 *Dall.* 461; 2 *Wm. Bl. Rep.* 785; *Strange* 950; 1 *Tidd.* 426; 5 *Binn.* 35; 1 *Whart.* 87. On the subject of the admission of the evidence of the acts and declarations of the partners after dissolution, they cited 3 *Johns.* 528; 2 *Johns.* 300; 15 *Johns.* 424; 1 *Peters* 373.

*Biddle, contra.* The amount stated in the declaration is immaterial, so that the amount of damages recovered do not exceed it. 2 *Stark. Ev.* 75. The point is expressly decided, that there must be cause of surprise to entitle a party to a continuance; it is not a matter of choice. 2 *Rawle* 214. It is not a good objection to the admission of evidence that it does not make out the plaintiff's

[Tassey v. Church.]

whole cause of action, it is sufficient if it proves a part; here, clearly the acts and admissions given in evidence were sufficient against Tassey. 2 *Watts & Serg.* 413. The Act of Assembly of 1838 is recognised in 7 *Watts* 300; the acts and declarations of the members of the firms cannot be used to prejudice other's, but they are good evidence against themselves. 3 *Watts* 101. The admission of an account stated may be made in various ways; either under seal, by simple contract, or verbally, that a balance was due. To maintain the action does not require proof of the items, but of the balance. 10 *Pick.* 31; 14 *E. C. L.* 256. The plaintiffs were successors of the defendants in business, and were their factors to receive and pay out assets. 1 *Wash. C. C.* 437; 1 *Gilp.* 121; 1 *Bald.* 539.

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned is, that the court erred in permitting the amendment of the declaration by substituting $32,000 in the place of $1500 in the various counts, and by altering the amount of damages so as to correspond with the same. Of the power of the court below to allow such an amendment we entertain no doubt. It did not change the cause of action, but merely the amount which the plaintiff alleged to be due. Indeed, the amount alleged in *indebitatus assumpsit* on account stated as the sum due is so little regarded that it is considered as not material. 1 *Chitt. Plead.* 391; 1 *Burr.* 9; 2 *Saund.* 122, n. 3. The amount in the damage clause certainly is so far material that the plaintiff cannot recover by verdict beyond it; but the amendment of it can in no respect be considered as altering the ground of the suit or the cause of action.

2. The next error is in refusing a continuance of the cause after the amendment and allegation of surprise by the defendants. This question arises under the provisions of the 6th section of the Act of 21st March 1806, by which if by the alteration or amendment the adverse party is taken by surprise, the trial is to be postponed to the next court. The defendant contends that whenever an amendment of the declaration is made immediately before or during the trial, he has a right to a continuance as a matter of course. The Act of Assembly does not seem to us capable of this construction. It puts it not on the allegation of surprise, but on the existence of the fact, which necessarily throws upon the court the duty of ascertaining and determining whether the party is really surprised, or there is merely an affectation of being so without real foundation. For many cases may be supposed in which the alteration would be so trivial, or it would be so obvious that no surprise could exist, that it would be unjust to allow a continuance. Of this, however, the court below is the sole judge: being matter of sound discretion, and turning frequently on matters of fact not appearing in the record, the question whether or not a party was

[Tassey v. Church.]

surprised by allowing an amendment, is not of a nature to be examinable on a writ of error, but the judgment of the court must, as in numerous other instances, be final and conclusive. We see no reason therefore to change the opinion expressed by this court on the subject in *Folker* v. *Satterlee*, (2 *Rawle* 214), and since that time received and acted on as the rule of practice.

3. The third error is in receiving evidence of matter of account that accrued subsequently to the dissolution of the partnership of Tassey and Church. I am not able to perceive on what ground this is objected to. It is true, as is contended, the acts or declarations of Church after the dissolution, being himself one of the plaintiffs, would be no evidence to affect anybody but himself; but they are evidence for that purpose by the express terms of the Act of Assembly of the 14th April 1838, authorising a suit at common law by a firm of which one of the plaintiffs is a member, against another firm of which the same party is also a member. But the account here was offered to affect Tassey by his own acts and declarations, and for that purpose the plaintiffs might give it in evidence. The order of so doing was not material.

4. The fourth error is, in charging the jury that this case might be likened to a case of principal and factor. To this it is answered, and I think truly, that in this part of the charge, the president of the court below was merely commenting on the positions taken by the defendants below, that the defendant had become responsible by making no objection for a long time to the account, which ground the court overruled and put the case singly on the point of the defendant's admission.

5. The fifth error brings in question the doctrine laid down by the court below, that if the defendant acknowledged the account and admitted the balance due, he was liable in account stated. And this was really the great question in the cause—the plaintiff alleging that the defendant on the 15th November 1839 had admitted the balance claimed, and had nearly completed the settlement, and broke off at last after the plaintiff had allowed the credit for the steamboats, on the demand of an endorser which he refused to give. Now whether the defendant did make such an admission of this balance was a question of fact for the consideration of the jury under all the circumstances given in evidence. If he did, it bound him. For it is well settled that the acknowledgment by the defendant that a certain sum is due makes an implied promise to pay the amount, and it is recoverable under the count for account stated. 1 *Chitt. Plead.* 191; 2 *Mod.* 44; 2 *T. R.* 480. Such admission may be in various ways. It may be under seal, or contained in a contract. 10 *Pick.* 31; 14 *E. C. L.* 256.

The last is merely a clerical error which has not been urged.

Judgment affirmed.