## Elcie Danley *v.* Henry P. Danley and John S. Danley, Executors of S. S. Danley, deceased.

*Evidence—Competency of witness—Cross-examination— Husband and wife—Action against executor.*

In an action upon a promissory note by a married woman against her husband and his brother as executors of the estate of their father who was the maker of the note, if the plaintiff is called as for cross-examination in relation to a transaction which occurred in the lifetime of the maker, she becomes competent to testify to all relevant matters, and her competency is not affected by the fact that her husband is an executor of the estate, and a defendant.

*Evidence—Objection to evidence—Practice, C. P.—Appeal.*

A party complaining on appeal of the admission of evidence objected to in the court below will be limited to the specific objection made to it at the trial, and this rule is not changed by the fact that the objection urged on appeal was made on the argument for a new trial.

Argued Oct. 19, 1896. Appeal, No. 72, Oct. T., 1896, by defendants, from judgment of C. P. Washington Co., Aug. T., 1895, No. 98, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit upon a promissory note.　Before TAYLOR, J.

At the trial it appeared that the note sued upon was for $640, and was dated July 26, 1875.　The maker of the note, S. S. Danley, died in 1891, leaving two sons, H. P. Danley and John S. Danley, his executors.　On July 1, 1895, this suit was brought.　Plaintiff offered in evidence the note, the execution of which was not denied, and rested.　The note had a number of credits indorsed on the back of it.　The plaintiff was called as if for cross-examination, and was asked concerning the credits on the note; whether she had not received money from her husband to be applied as a credit on the note, and whether such money had not come from S. S. Danley, all of which she denied. She then testified on examination by her own counsel that she had loaned her father-in-law $640, and took from him the note in suit; that the credits on the back of the note were not in her handwriting; that she was not present when any of them were made; that they were in the handwriting of her husband who kept possession of the note, and that she did not get possession of it for years—not till after the maker's death, when she secretly abstracted it from among his papers when his desk was unlocked, which action on her part caused dissatisfaction between her husband and herself, and that she brought the note to Washington and employed her present counsel to collect it. Plaintiff was further examined by her counsel as follows :

" Q. Who brought this note to me?　A. I did.　Q. Who was with you when you brought it?　A. My husband.　Q. Did you hear him have any conversation with me about the note? A. Yes, sir.　Q. What, if anything, did I ask him about these credits on the bank? "

Objected to as incompetent and irrelevant, for the reason she cannot testify in this action to any declarations made by her husband.　Objection overruled, exception for defendant and bill sealed.

Plaintiff then testified in chief as follows :

" Q. What, if anything, did I ask him about these credits on the back of the note, as to who made these indorsements on the back of the note, and what did he tell me about it?　A. He told you that he got the money.　Q. And made the indorsements ?　A. Yes, sir.　Q. Do you recollect of me asking him anything about whether you had got any of this money?

A. Yes sir.   Q. What did he say?   A. He said I never got
any." [1]

Verdict and judgment for plaintiff for $1,215.60.   Defend-
ants appealed.

*Error assigned* was (1) ruling on evidence, quoting the bill
of exceptions.

*R. W. Irwin*, for appellants.—We know of no case where it
has been held that where testimony is admitted under objec-
tion, this court will not consider any other objection that might
be urged to its admission, where that additional objection has
been called to the attention of the court below, on a motion for
a new trial, and an opportunity given to correct the error.

The wife's testimony which was objected to, was not only
incompetent because it affected pecuniarily this suit, but also,
because it tended to establish her husband's liability to the
estate of S. S. Danley for the moneys he had received to be
credited on this note, but which he had never turned over to
her : Pleasanton v. Nutt, 115 Pa. 266 ; Act of May 23, 1887,
P. L. 158 ; Johnson v. Watson, 157 Pa. 454.

The declarations, if made by the husband, were declarations
against the interest of the estate, and were not binding upon
the state, and should not have been admitted : Hall v. Boyd,
6 Pa. 269 ; 3 Williams on Executors, p. 1895 ; Fox v. Waters,
12 Adolph. & Ellis, 43 ; Hamon v. Huntley, 4 Cowen, 493.

*M. L. A. McCracken*, with him *B. E. McCracken* and *J.
McGiffin*, for appellee.—The husband was on the record in a
representative capacity, and the wife was not testifying against
him, but against the estate of his testator, in which case the
act does not apply.   But if this court should be of opinion she
was incompetent by reason of any indirect interest her husband
had in result of the suit, that incompetency had been removed
by the defendants calling her " as under cross-examination "
and examining her as to matters prior to the death of S. S. Dan-
ley, and also as to what transpired between her husband and her-
self in relation to the credits they claimed on the note in suit.
The appellants cite Pleasanton v. Nutt, 115 Pa. 266, and John-
son v. Watson, 157 Pa. 454.   In neither of these cases had the

incompetent witness been called by the adverse party, consequently they are no authority where, as in this case, the witness was first called and examined, by the adverse party, as under cross-examination.

Neither of the reasons now urged in support of the assignment of error were raised in the court below, and it is too late to raise them on an appeal to this court. The fact that they were raised in a motion for a new trial and pressed on the attention of the court in the argument of that motion does not help the case, as a motion for a new trial is an appeal to the discretion of the court, and its refusal is not the subject of error: Burkholder v. Stahl, 58 Pa. 371; Johnson v. Watson, 157 Pa. 454; Fox v. Fox, 96 Pa. 60; Herstine v. R. R., 151 Pa. 244.

OPINION BY MR. JUSTICE McCOLLUM, January 4, 1897:

The only question raised on this appeal is whether the learned court below erred in allowing the plaintiff to testify to a declaration of her husband, corroborative of her claim that she never received anything represented by the credits on the note in suit. The testimony was objected to on the ground that she was not competent to testify to any declaration made by her husband. Previous to the offer of the testimony the plaintiff had been compelled by the defendant to testify as if under cross-examination. The purpose of the cross-examination was to show by her that the loan to Montgomery in February, 1894, represented money paid on the note. The purpose was not accomplished, as she testified distinctly that the money so loaned was hers, and that it was not furnished or paid to her by her husband, or on account of the note. The cross-examination related to a transaction which occurred in the lifetime of the maker of the note, and clearly qualified the plaintiff to testify in the case "to all relevant matters." It is true that her husband, as executor of his father's estate, was a codefendant in the action, and a participant in the demand for her cross-examination under the statute. But his position as executor did not add to or diminish his interest in the estate, nor change the relation of the suit to it. The plaintiff having been subjected to a cross-examination under the statute, was competent to testify as aforesaid, and her competency was not affected by the fact that her husband was

an executor of the estate, and a defendant.   After the cross-examination she testified in rebuttal, that the credits on the note were in the handwriting of her husband; that she had never received any of the money indicated by the credits to have been paid upon the note; that she never authorized her husband to receive payments on the note, and that she did not know until she saw the credits that he had done so.   This testimony, if believed by the jury, entitled the plaintiff to the verdict she obtained.   It is now claimed, that conceding the competency of the plaintiff to testify as above stated, his declaration that she did not receive any of the money represented by the credits on the note was irrelevant.   A sufficient answer to this claim is that it was not the ground of the objection made to the admission of the testimony.   The objection to the offer of the evidence was that the wife was incompetent to testify against her husband.   This is frankly conceded by the learned counsel for the appellants, but he suggests that inasmuch as he made, on the argument for a new trial, the same objection to the evidence that he now makes, we ought to consider it as made on the trial in the court below.   It is well settled that the party complaining on appeal of the admission of evidence objected to in the court below, will be limited to the specific objection made to it there.   Nothing appears in this case to justify us in departing from the established rule. The declaration testified to was comparatively unimportant, and there is no reason to believe that it had any influence in the decision of the case.

Judgment affirmed.