## Felix v. Urquhart Manufacturing Company.

*Practice—Assumpsit—Affidavit of defence—Demurrer — Sales — Fraudulent sale in bulk—Bulk Sales Act of May 23, 1919.*

Under the Bulk Sales Act of May 23, 1919, P. L. 262, where notice of the sale has not been given to a creditor as provided in the act, the proper procedure to have the sale declared fraudulent and void is for the creditor to obtain judgment against the vendor, and issue execution against the goods in the hands of the vendee; and in such a case, where an action of *assumpsit* was brought by the creditor against the vendee and a statutory demurrer was filed by the latter, judgment was entered for the defendant.

*Assumpsit.* Statutory demurrer. C. P. Northumberland Co., Sept. T., 1923, No. 234.

*J. W. Bassler,* for plaintiff.

*J. P. Carpenter* and *George E. Deppen,* for defendant.

LLOYD, J., Dec. 10, 1923.—This is an action of *assumpsit* brought by H. G. Felix to recover from the defendant, the Urquhart Manufacturing Company, a certain sum of money due to him upon an alleged contract with the Lincoln Silk Company. The right of action is based upon an alleged violation of the provisions of the Bulk Sales Act of May 23, 1919, P. L. 262.

The material facts appearing in plaintiff's statement, so far as they are relevant to our present inquiry, may, in substance, be stated as follows:

That the plaintiff, on or about Oct. 1, 1920, upon the order of Lincoln Silk Company, installed a new heating system at its plant at Sunbury, Pa.; that the Lincoln Silk Company neglected and failed to pay him for the labor and materials supplied in said installation; that on Feb. 7, 1921, the Urquhart Manufacturing Company purchased from the Lincoln Silk Company, in bulk, for cash, its entire stock of goods, wares, merchandise and fixtures; that neither the Lincoln Silk Company nor the Urquhart Manufacturing Company notified him of the proposed sale as required by the said Act of 1919; that

the said the Urquhart Manufacturing Company, vendee of said sale, has failed and neglected to make payment of said contract or any part thereof, although frequently demanded so to do.

Upon this state of facts the plaintiff brought this action on June 21, 1923, to recover from the present defendant the amount of his claim, to wit, $570.60, with interest from Nov. 1, 1920.

An affidavit of defence in lieu of demurrer was filed, wherein the right of the plaintiff to maintain this action was challenged, seventeen reasons being assigned therefor. The first three reasons attack the plaintiff's statement as to form. They are without merit and are, hence, dismissed. The remaining reasons go to the substance of the claim and nature of the proceeding.

The plaintiff's statement specifically states that there was no contractual relation between him and the present defendant. He bases his right to recover against it on two grounds: First, because of a violation of the Bulk Sales Act of 1919, in that no notice of the proposed sale as required by said act was given to the plaintiff; and, second, because there is an implied or constructive promise upon the part of the vendee of personal property to pay the creditors of the vendor.

Counsel for the defendant contend, first, that the Bulk Sales Act of 1919, making fraudulent and void certain sales of merchandise and fixtures in bulk, is not applicable to this case; second, that plaintiff, not having pursued the remedy provided by said act within ninety days as therein prescribed, is now precluded from setting up this action; third, that, in any event, an action of *assumpsit* is not a proper procedure under said act.

Inasmuch as the third contention of counsel for defendant must be sustained, it is not necessary to pass upon either of the others. The said Act of 1919 provides that where sales are made, such as are contemplated by it, "without first having sent the notices of said sale and said statement of creditors as provided for in section 2 of this act, then such sale or transfer shall be fraudulent and void, and such purchaser, auctioneer or agent shall, at the suit of any creditor, be held liable to the creditors of the said vendor as a receiver for the fair value of all the property so bought or sold by him." It is clear that the liability of the vendee, under this section, is neither personal nor general, but that of a receiver limited to the fair value of the property bought.

The proper procedure under this act would have been "to have the sale declared fraudulent and void, and this may be done by securing a judgment against the debtor and issuing execution against the goods in the hands of the purchaser:" Wilson v. Edwards, 32 Pa. Superior Ct. 295. When a remedy is provided by an act of assembly, that remedy is exclusive of all others. Hence, the plaintiff has no standing in this case to maintain this action of *assumpsit* against the Urquhart Manufacturing Company by virtue of a violation of the requirements of the said Act of 1919.

As to the right of the plaintiff to maintain the action on the ground of an implied or constructive promise, we have been cited to the following as authority: Delp v. Bartholomay Brewing Co., 123 Pa. 42; Shaunce v. McCrystal, 162 Pa. 457; Tassey v. Church, 4 W. & S. 141.

In the case of Delp v. Bartholomay Brewing Co., 123 Pa. 42, the action was upon a written agreement. In Shaunce v. McCrystal, 162 Pa. 457, the action was against a withdrawing partner, who failed to notify the plaintiff, who had previously transacted business with the firm and who had furnished goods to the remaining partner, who conducted the business under the old firm name. In Tassey v. Church, 4 W. & S. 141, the action was against a defendant who

had acknowledged that the debt was due to the plaintiff. The circumstances of these cases are widely variant from those of the present case. Neither the law nor the reason for the law as established by them are applicable to this case.

"Implied contracts arise under circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intention to contract:" Hertzog v. Hertzog, 29 Pa. 465.

In view of the specific allegations of the plaintiff's statement that he had an express contract with the Lincoln Silk Company, for which he did the work and by which he was to be paid, at a time when there was no relation between the Lincoln Silk Company and the Urquhart Manufacturing Company, no inference of an intention of the Urquhart Manufacturing Company to contract with him can arise. This action cannot be maintained on theory of an implied promise.

And now, Dec. 10, 1923, judgment is hereby directed to be entered for the defendant. An exception is noted and a bill sealed for the plaintiff.

From C. K. Morganroth, Shamokin, Pa.