### Brandeis, Appellant, *v.* Metropolitan Life Insurance Company.

Argued December 13, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Harry Norman Ball,* and with him *Nathan Agran,* for appellant.

*Arthur G. Dickson,* and with him *Leroy A. Lincoln,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1935:

This action was brought to recover accidental death benefits from the defendant insurance company under two industrial policies, the terms of which are identical. There is a provision therein that upon receipt of due proof that the insured has sustained bodily injuries, "solely through external, violent and accidental means, resulting directly and independently of all other causes, in the death of the insured," the company will pay an accidental death benefit. "No accidental death benefit will be paid ...... if death is caused or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity." The jury found a verdict in favor of the defendant. The plaintiff appealed.

On March 2, 1932, the deceased was suffering from a cold and chills. Her daughter applied to her body a hot water bottle, which burst, and, as a result, the decedent sustained severe burns from her right thigh to below her knee. Dr. Rudolph was summoned and treated her with applications to the burned region, but made no other examination. Sixty hours thereafter the patient "became a little comatose" and died on March 12, 1932.

The major question involved in this appeal is whether the deceased met an accidental death within the terms of the policy. Dr. Rudolph, in his report to the Pennsylvania Bureau of Vital Statistics, stated that the cause of death was "Cerebral apoplexy (duration) 10 days. Contributory Broncho Pneumonia (duration) 3 days." Nothing was said in that report respecting burns. In the certificate of proof of death, forwarded under provisions of the policy to the defendant company, the same doctor gave as the cause of death:

"Second degree burn and apoplexy.

"Duration from personal knowledge: ...... 8 days.

"Duration from history given: ...... 8 days.

"Contributory or Secondary, Apoplexy ...... 3 days.

\* \* \* \* \* \* \* \*

"Was deceased afflicted with any infirmity, deformity or chronic disease? If so, please specify.

"Evidence of heart disease in the past year."

Dr. Rudolph testified at the trial that the deceased suffered a paralytic stroke which "probably" resulted from the burn, and that the broncho pneumonia "might" have resulted from the burn. On cross-examination he stated that a year prior to the burn he had treated the deceased for a heart condition and slightly elevated blood pressure.

The plaintiff had the burden of proving, by competent evidence, that the insured's death was caused by an accident within the terms of the policy: Lubowicki v. Metropolitan Life Ins. Co., 114 Pa. Superior Ct. 596, 174 A. 649. In view of the lack of a positive and definite opinion on the part of the only medical expert that the stroke, pneumonia or heart affection did not contribute to the insured's death, a grave doubt exists whether there was sufficient evidence to sustain a finding against the defendant. Certain it is that the plaintiff is not in a position to complain that the court failed to direct a verdict for him: Lubowicki v. Metropolitan Life Ins. Co., supra. Such action would have been clear error.

The appellant's chief complaint is to the inadequacy of the trial judge's charge and a failure to affirm appellant's fourth point. The court charged as follows:

"You must find, also that the accidental pouring of the hot water upon her was the sole cause of her death, and unless you do find that from the evidence you can not find a verdict for the plaintiff ...... Now death, under the cases covered by this insurance policy ...... does mean that the accident must be the sole cause of death, the only cause of death. If other dis-

ease contributed to it I am bound to say to you that the plaintiff can not recover ...... If you find that her heart condition, if you find that any other disease, contributed to her death, your verdict must be for the defendant ......

"Only if you are satisfied that the evidence points to the conclusion that the death took place ten or twelve days afterwards was directly traceable to this accidental burn which she received, is the plaintiff entitled to a verdict ......

"If you are satisfied that the weight of the evidence points to the fact that there was this accident and that this accident was the sole cause of this old lady's death you will give plaintiff a verdict, otherwise your verdict must be for defendant."

The plaintiff argues that the jury should have been instructed that if the diseases from which the insured suffered were the direct result of accidental burns, and she died in consequence of these diseases, her death was caused by an accident within the terms of the policy. We think the court did so say, in effect, by stating that if death "was directly traceable to this accidental burn," the plaintiff is entitled to recover; that is, if the disease or diseases which caused death were due to the accident, then the plaintiff is entitled to a verdict.

We find no basic or fundamental error in the charge. It followed substantially the provisions in the policy. At the end of the charge, the court asked, "Anything more?" No further instructions were requested. At the most, the alleged error was but an omission, not fatal, and was not covered by a general exception. "It is still the general rule that error can not be assigned as to what was not said without a request to say it": Dravo Con. Co. v. Rees & Sons Co., 291 Pa. 387, 393, 140 A. 148. If the plaintiff desired further instructions as to the meaning of the terms of the

policy, he should have so requested. Failing to do so, he can not say the court erred.

The fourth point submitted by the plaintiff, which the court declined, reads as follows: "If you find that the extensive burns and scalding, suffered by the insured in this case, directly caused or brought on a condition of apoplexy which contributed to her death, your verdict must be for the plaintiff." We think, in view of the testimony, that this point was not properly drawn, as it failed to take into account that there was evidence in the proof of death and in the doctor's testimony of a heart affection and the presence of broncho-pneumonia. If either of these did not directly result from the burns, but contributed to insured's death, the plaintiff would not be entitled to recover. The point did not cover such a contingency, and was, therefore, properly declined.

Finding no reason for disturbing the verdict of the jury, the judgment is affirmed.