## McDonnell *v.* Metropolitan Life Insurance Company, Appellant.

Argued November 17, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Owen B. Rhoads,* with him *Barnes, Dechert, Price & Smith,* and *Harry Cole Bates,* for appellant.

*Roy Pressman,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1943:

The mother of Joseph McDonnell, as a beneficiary,

brought this action to recover double indemnity payments of $500 and $363 respectively under accidental death provisions contained in two policies of life insurance. The defendant company paid the face amount of the policies. The trial resulted in a verdict for the plaintiff in the sum of $863. This appeal followed the refusal of defendant's motions for judgment n. o. v. and for a new trial.

This appeal hinges on the determination of the question: Did the plaintiff successfully carry the burden of proof which rested upon her? The plaintiff at the trial showed that in the early morning of January 25, 1940, a bus driver, when three miles north of Eddington, Bucks County, came upon a car with its whole left side crushed and the bodies of two men lying on the ground nearby. The marks on the ground indicated that the car had run off the left side of the road, bent over a small tree, broken off a larger one, and skinned a third. One body, that of an older man later identified as Frederick Spoerl, was lying on the roadway. The insured's body, covered by one of the car fenders, was discovered against a tree 40 feet away from the car. The coroner's physician, who examined the insured's body at the morgue in Philadelphia the following day, testified that a number of bones in decedent's head and his brain were crushed and that there were other severe injuries to the body. He excluded suicide or disease as a possible cause of death.

Defendant's only witness was a state policeman, who went to the scene of the accident and made an investigation. His description of what he saw at the scene of the accident corroborated the bus driver. He ascertained that the car involved in the accident was stolen and that two sets of tags, one in, and the other on, the car, belonged to persons not involved in this fatal occurrence.

The provision of the policy under which the recovery

is sought reads as follows: "ACCIDENTAL DEATH BENEFIT. Upon receipt of due proof that the death of the Insured resulted, independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means, the Company will pay, as an additional death benefit, an amount equal to the amount payable under the Schedule ...... The additional benefit shall not be payable if the Insured's death (a) is caused or contributed to by disease or infirmity, or (b) is the result of self-destruction, whether sane or insane, or ...... (e) *is the result of participation in an assault or felony* ......" (Italics supplied.)

Appellant insists that plaintiff had the burden of proving not only that the insured's death resulted "solely by external, violent, and accidental means" but also the negative proposition that it was not "the result of participation in an assault or felony." The argument is advanced that the plaintiff's proof failed because it might reasonably have been inferred from her testimony that the insured's death resulted from his reckless disregard of the consequence of his own acts or from participation in an assault or felony.

The evidence, although largely circumstantial, was ample to show that the insured met an accidental death within the terms of the policy. Every physical fact supports that conclusion: *Pomorskie v. Prudential Insurance Company of America,* 318 Pa. 185, 189, 177 A. 783. The evidence was certainly sufficient to permit a reasonable inference to that effect, thus making out a prima facie case: *Heffron, Admrx. v. Prudential Insurance Company of America,* 144 Pa. Superior Ct. 307, 19 A. 2d 556. There was no evidence to show that McDonnell was driving, or even that he was a passenger in, the car (he may have been a pedestrian) or that he knew or associated with Spoerl. One can make only the wildest conjecture concerning those matters. There is nothing in the evidence that fairly indicates that the

insured's reckless disregard of the consequences of his conduct contributed to, or caused, his death.

The appellant lays great stress on *O'Neill et al. v. Metropolitan Life Insurance Company*, 345 Pa. 232, 26 A. 2d 898, in support of its contention that the burden of proof that the insured did not die while participating in an assault or felony was on the plaintiff. In that case the insured returned home late at night from an inn, quarreled with his wife, and was killed as a result of a razor cut following a skirmish with his father-in-law. The jury returned a verdict for defendant. Plaintiffs' action was based on accidental death benefits under policy provisions similar to those in the present case. Mr. Justice MAXEY, (now Chief Justice MAXEY) held that under the pleadings in that case plaintiffs had the burden of proving affirmatively not only an accident as the sole cause of death, but that the insured did not die while, or as the result of, participating in an assault or felony, or a violation of law. After reviewing cases and pointing out that where insured by his own act provoked an assault his death would not be effected by accidental means, it was further stated, page 238: "Furthermore, by their pleadings the plaintiffs assumed the burden of proof, as the quotation ...... from the statement of claim shows. The affidavit of defense accepted the issue tendered by denying the plaintiffs averments as to the insured's non-violation of law, etc. The fundamental principle is that the burden of proof in any cause rests upon the party who as determined by the pleadings or the nature of the case asserts the affirmative of an issue ......'"

Let us turn to the pleadings in this case. Paragraph 4 of plaintiff's statement alleges: "4. That the said Joseph McDonnell, on the 24th day of January, 1940, died from bodily injuries, caused solely by external violent and accidental means, as the result of an automobile accident, at Philadelphia, Pennsylvania." The

corresponding paragraph of defendant's affidavit of defense reads in part: "Defendant avers that the death of Joseph McDonnell resulted from his participation in an assault or felony and that therefore said death was not accidental ......"

In *Horan, Jr. v. Prudential Insurance Company of America,* 104 Pa. Superior Ct. 474, 159 A. 69, cited with approval in the O'Neill case, a watchman shot insured as the latter placed his hand on his hip pocket. It was later discovered that he had a revolver in his possession. We stated page 478: "To sustain the appellant's contention that the death was the natural and probable result of his own conduct, we must conclusively presume that he [insured] was engaged in the commission of a crime, which is unwarranted by the facts." Although the facts in that case were stronger against the plaintiff than in the instant one we sustained a verdict for the plaintiff.

In *Watkins v. Prudential Insurance Comany,* 315 Pa. 497, 508, 173 A. 644, the court stated: "...... when ...... defendant seeks to avail itself of the substantive defense reserved in the policy that the loss was due to a cause or risk *specifically excepted in the policy,* the defense becomes an affirmative one and has the burden of proof." It must be remembered also that the presumption of law is that the deceased was innocent of any wrongdoing. Here the accidental death, which was an operative fact, was proven. The defense that death was the result of participating in an assault or felony rested on the defendant.

Other cases, such as *Lubowicki v. Metropolitan Life Insurance Company,* 114 Pa. Superior Ct. 596, 174 A. 649; *Lederer v. Metropolitan Life Insurance Company,* 135 Pa. Superior Ct. 61, 4 A. 2d 608; *Roeper v. Monarch Life Insurance Company,* 138 Pa. Superior Ct. 283, 11 A. 2d 184; *Lucas v. Metropolitan Life Insurance Company,* 339 Pa. 277, 14 A. 2d 85; *Real Estate Tr. Co.*

*of Phila., Trustee v. Metropolitan Life Insurance Company,* 340 Pa. 533, 17 A. 2d 416, relied upon by appellant as controlling here on the question of burden of proof, are distinguishable in principle and on their facts. In most of these cases the question was whether decedent's death resulted *solely* from accidental means, or was contributed to by bodily disease or infirmity.

Appellant took no specific exceptions to the charge of the court, its assignment of error to the refusal of a new trial is based only on the ground that the verdict was against the weight of the evidence. That assignment is without merit for reasons already stated and is accordingly overruled.

Judgment is affirmed.