## Janco *v.* John Hancock Mutual Life Insurance Co., Appellant.

Argued December 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles McVeigh Willits,* with him *White & Williams* and *Ira Jewell Williams,* for appellant.

*Abe. J. Goldin,* for appellee.

OPINION BY ARNOLD, J., January 17, 1947:

Plaintiff brought this action of assumpsit as the beneficiary of a life insurance policy issued by the defendant, and the plaintiff's statement averred, inter alia, the death of the insured, and attached a copy of the policy. The defendant denied liability upon the sole ground of exclusion clauses attached to the policy. This was an affirmative defense: 46 C. J. S. Insurance §1297 (b), page 354. The facts upon which it was based were correctly set up as "New Matter". The plaintiff filed a reply admitting these facts and the defendant moved for judgment, alleging that but a law issue existed. The court below discharged the rule and defendant appealed. The judgment will be affirmed, although the reasons for discharging the rule were incorrect.

The exact purpose for which the pleading of "New Matter" is intended under §14 of the Practice Act of 1915 as amended (12 P.S. 431), is in pleading an affirmative defense. This affirmative defense is analogous to a plea of confession and avoidance. The aim of §14 of the Practice Act, and the required reply, is to narrow

the factual issues. The same aim is manifested in Pa. R. C. P., Rule 1030, now in effect. The defendant's rule for judgment was proper practice, and should have been disposed of on the basis of the facts actually or impliedly admitted.

The judgment will be affirmed because the facts admitted were insufficient to determine the legal issue. The exclusion clauses are:

". . . that death as hereinafter described is not a risk assumed . . . and in the event of such death the liability . . . shall be limited as hereinafter set forth [To the insured's paid premiums and interest].

"(a) Death while the Insured is serving outside . . . of the United States, . . . in the military or naval or air forces of any country at war, . . .

"(b) Death which results from service, training, travel, flight, . . . on . . . any species of aircraft; except death that results from travel as a fare-paying passenger on a licensed aircraft operated by a licensed passenger pilot on a scheduled passenger air service regularly offered between specified airports."

As to the exclusion clause (a) the facts admitted do not show whether the insured met his death within or without the United States. Actually it was not shown whether this country was at war, but the courts will take judicial notice of that fact.

As to exclusion clause (b) the pleadings do not show whether or not the insured met his death ". . . as a fare-paying passenger on a licensed aircraft operated by a licensed passenger pilot on a scheduled passenger air service regularly offered between specified airports." It is only admitted that the insured, at the time of his death, was "riding in or operating an army plane." The courts cannot take judicial notice that an army plane may not be operated on regular, scheduled passenger flights, etc., nor that the insured may not have been a

fare-paying passenger, even though a member of the Air Force.[1]

We cannot determine whether the ambiguity or inconsistency exists in regard to the exclusion clauses, as contended by the appellee, until all the facts appear.

Order affirmed.

---

[1] Near the close of the recent hostilities the public press contained articles that both the Army and Navy operated scheduled plane flights between specified airports in the United States, as well as transoceanic flights; and that these scheduled operations were at first exclusively for personnel, usually high officers. Further, that such personnel passengers did not take up all the passenger space and that foreign dignitaries, army and navy contractors, and others, were permitted to use such planes, and that they paid the commercial fare for such flights, or reimbursed the operation in an equivalent amount.