## Moore & White Company v. Eastern Express, Inc.

*Miles Warner*, for plaintiff.

*Howard Detweiler*, for defendant.

HAGAN, J., December 15, 1969.—Based upon evidence adduced at trial, the undersigned makes the following:

### FINDINGS

1. Plaintiff, Moore & White Company, is a manufacturer of machinery.

2. Defendant, Eastern Express, Inc., is a common carrier by motor vehicle.

3. On October 20, 1967, plaintiff delivered certain paper-making machinery to defendant for delivery to plaintiff's customer located in Indiana.

4. The machinery was loaded upon defendant's vehicle by plaintiff in a safe and secure manner.

5. The machinery was delivered by defendant to plaintiff's customer in a damaged condition.

6. Defendant is liable to plaintiff for damages sustained by plaintiff as a result of defendant's delivery

of the machinery in damaged condition, in the sum of $599.95.

## DISCUSSION

Normally, a shipper need only prove that it delivered merchandise to a common carrier in good condition and that the carrier delivered the merchandise in damaged condition: Arabian American Oil Company v. Kirby & Kirby, Inc., 171 Pa. Superior Ct. 23. Where, however, as here, the shipper assumes the duty of loading the merchandise, the shipper is responsible if the merchandise is damaged by reason of improper loading: David E. Kennedy, Inc. v. O'Brien, 115 Pa. Superior Ct. 469. Thus, in the instant case, if the damage to the machinery, which admittedly occurred, was due to improper loading, the loss must fall upon plaintiff; but if the damage was due to causes other than improper loading, the loss must fall upon defendant.

Plaintiff presented evidence to establish that the machinery was properly loaded, and defendant presented no contradictory evidence. We accept, therefore, plaintiff's evidence that the machinery was properly loaded by plaintiff upon defendant's vehicle, and therefore find that the damage to the machinery was caused by other than improper loading. This being the case, it follows that the loss for the damage to the machinery must fall upon defendant.

With respect to the question of damages, defendant is liable for those damages which fairly and naturally flow from defendant's breach of duty to deliver the machinery in the same condition the machinery was in at the time it was loaded upon defendant's truck. The cost of replacing the damaged shaft, $364, is clearly a proper item of damages, as is the cost of shipping the replacement of the shaft of $6.92. Plaintiff sent its superintendent, one Harry Jones, to examine

the damaged shaft, and his transportation cost of $98.39 is also a proper item of damages.

Plaintiff also requested reimbursement for other expenses incurred by Mr. Jones in connection with his trip to Indiana to inspect the damaged shaft. These additional expenses total $522.57. Plaintiff's exhibit P-25, however, indicates that these expenses are for four days spent by Mr. Jones in Indiana. We believe it was unreasonable for plaintiff's employe to spend four days, at a total cost of $522.57, to determine whether to replace a shaft costing $364. Accordingly, we hold that plaintiff is entitled to the equivalent of one day's expenses, or one-fourth of $522.57, being $130.64, making plaintiff's total damages $599.95.

For the foregoing reasons we find for plaintiff in the sum of $599.95, with interest thereon from November 1, 1967, of $76.40, or a total of $676.35.