## Toskin v. Petrillo

*Michael J. Wherry,* for plaintiff.
*Anthony Perfilio,* for defendants.

STRANAHAN, P. J., January 22, 1973.—This is an action in mandamus in which Thomas T. Toskin, the plaintiff, seeks to obtain a leave of absence as an

employe of the City of Farrell because he is in active military service.

The basis of plaintiff's action is the Veterans Preference Act of July 8, 1957, P. L. 557, which appears in 51 PS §493.1, et seq.

The facts in this case are not complicated and indicate that plaintiff, Thomas T. Toskin, has been employed for many years by the City of Farrell in its fire department. At the same time, Mr. Toskin apparently was a member of the National Guard.

Plaintiff was recalled to active duty and was given a leave of absence from his job with the City of Farrell. The order of the Department of Army indicated that his duty was to expire on December 29, 1972, but on August 31, 1972, he received a change of orders extending his tour of duty to June 30, 1974.

Plaintiff wrote a letter to the City of Farrell asking that his leave of absence be extended based on the amended order that he received, indicating that he would be required to continue in the Army until June 30, 1974.

The mayor and council of the City of Farrell met on November 27, 1972, but refused to grant plaintiff a leave of absence which would continue until after June 30, 1974.

This court is of the impression that the dispute in this matter stems from the fact that plaintiff's orders to active duty involved assignments of him to recruiting office in Pittsburgh, Pa., and the members of the city council and the mayor are somewhat disturbed by the fact that they are required to hold open his job when there is considerable need for the City of Farrell to maintain a full complement of firemen. It is true that an interim appointment could be made but, obviously, this is not too satisfactory because a fireman requires training and experience over an extended

period of time before he acquires the maximum of efficiency.

We are in sympathy with the officers of the City of Farrell since we believe that plaintiff was instrumental in securing a return to active duty and also in obtaining an extension of his period of service to June 30, 1974.

The problem this court has is to determine whether the Veterans Preference Act of 1957 is applicable under the circumstances of this case and whether this act mandates a military leave of absence for plaintiff until June 30, 1974. We believe that the act requires this court to direct that the City of Farrell grant the requested leave of absence.

The City of Farrell contends that testimony in this case does not support the fact that section 3 of said act, 51 PS §493.3, has been proved to be applicable because plaintiff has not shown that this is a time of "war or armed conflict." It is true that no testimony was offered at the abbreviated hearing held in this matter as to whether the United States was at war or involved in an armed conflict.

In Beley v. Pennsylvania Mutual Life Insurance Company, 373 Pa. 231, the court considered the question of whether the conflict in Korea was a war. The court concluded that it was not because the existence or nonexistence of a state of war is a political question rather than a judicial question and it is only if there is a formal declaration of war that the court will determine that the United States is involved in a war. In other words, war must be declared by Congress and not by the courts.

The term "armed conflict" carries with it a different connotation, however, and specifically means those undeclared wars which the United States has been involved in throughout much of its history. Without

going into detail, it would appear that in the period of 1798 to 1945 there were 150 or more occasions in which our military forces were engaged in various countries including China, Mexico, Central America and Caribbean Republics without a formal declaration of war. Added to these since that time would be the Korean conflict from 1950 to 1953 and more recently the conflict in Viet Nam and Indochina. It is this court's opinion that the statute intends to include these actions under the general category of armed conflict and this court reaches the conclusion without too much difficulty that this country is at the present time involved in an armed conflict in Viet Nam. If the legislators would have intended to have the word "war" and the words "armed conflict" synonymous, there would be no point in including the latter in the statute.

A companion statute dealing with performance in public employment, Act of May 22, 1945, P. L. 837, as amended, 51 PS §492.1, defines a soldier as a person who serves in the armed forces during a war or armed conflict and specifically includes service in Viet Nam. We therefore conclude that the Veterans Preference Act of 1957 is applicable to this plaintiff.

The further question is brought up by the City of Farrell as to whether this court is to take judicial notice of the fact that this country is involved in an armed conflict without proof of that fact at the time of hearing. We believe that we can. Courts may take judicial notice of current factors and events which form part of the common knowledge of persons of ordinary understanding and intelligence. For example, the case of Janco v. John Hancock Mutual Life Insurance Co., 160 Pa. Superior Ct. 230, the court took judicial notice of the fact that the United States was engaged in World War II at the time of the insured's death. The Viet Nam conflict has gone on for nearly

a decade, depending on one's definition of its commencement as to how reporters and commentators in books, press, radio and television have reported on the progress of the conflict and peace negotiations. Public officers have spoken out whether in support of or against continued United States involvement in the conflict, and Congress has proposed funds for carrying on the conflict. The President has sent ground forces to Viet Nam and more recently has commenced withdrawing these forces. These matters are common knowledge and this court will take full notice of the fact that there is an armed conflict in Viet Nam.

We, therefore, conclude that the Veterans Preference Act of 1957 is applicable to Thomas T. Toskin and that the City of Farrell should comply with the act even though it may create somewhat of a hardship upon the city and citizens therein. We conclude that a military leave of absence based on the continued service of plaintiff in the Army until June 30, 1974, should be enacted by the City of Farrell . We, therefore, direct that the city shall enact a resolution granting a leave of absence to Thomas T. Toskin and that he shall not be removed from his employment and his duties shall be performed by other employes or by a temporary substitute. This leave of absence shall be in compliance with 51 PS §493.4.

## ORDER

And now, January 22, 1973, it is directed that the City Council and Mayor of the City of Farrell shall at the next regular meeting enact a resolution granting a military leave of absence to Thomas T. Toskin to extend 90 days after the expiration of the first period of his enlistment to expire at a time when the United

States is not engaged in a war or armed conflict or emergency proclaimed by the Governor or the President of the United States.

Exceptions are further granted to defendants from the order of this court.