488 A.2d 313

**Elizabeth DUNN, Administratrix of the Estate of James E. Dunn, Deceased, Appellant,**

v.

**MARYLAND CASUALTY COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued March 27, 1984.

Filed Feb. 13, 1985.

Thomas J. Carlyon, Hazelton, for appellant.

Roger N. Nanovic, Jim Thorpe, for appellee.

Before BROSKY, WIEAND and McEWEN, JJ.

WIEAND, Judge:

In this action to recover benefits for accidental death under a group policy of life insurance, the trial court

entered a compulsory nonsuit because the plaintiff failed to show that her decedent's death had been caused directly by accident and independently of all other causes. After the trial court refused to remove the nonsuit, an appeal was taken to this court. We affirm.

James E. Dunn, a volunteer fireman in the Borough of Weatherly, Carbon County, was insured under a group life insurance policy purchased by the Citizens Fire Company and the Weatherly Fireman's Relief Association from Maryland Casualty Company. The policy provided for a death benefit of $5,000 in the event that an insured's death were caused by cardiovascular disease such as coronary thrombosis. The policy also provided for a lump sum payment of $15,000 in the event of an accidental death "which results directly and independently of all other causes." The accidental death benefit was restricted, however, and was specifically excluded where death was "caused or contributed to by ... [s]ickness or disease or bacterial infections."

Similar clauses have frequently been before the appellate courts in Pennsylvania, and the controlling law is clear.

> Where the liability of the insurance carrier is restricted as in the policy here in controversy, it is well settled in this Commonwealth that it is insufficient for plaintiff merely to show a direct causal relation between the accident and disability or death. The burden is on her to establish the death was caused solely by external and accidental means. *Real Estate Tr. Co. of Philadelphia v. Metropolitan L. Ins. Co.*, 340 Pa. 533, 17 A.2d 416. If the proof points to a pre-existing infirmity, which may have been a contributing factor, plaintiff must also produce evidence to exclude the possibility. *Johnson v. Kentucky Central Life Insurance Co.*, 144 Pa.Super. 116, 18 A.2d 507. Where it appears that insured's death resulted from accidental injury acting in conjunction with a pre-existing and substantial physical infirmity, there can be no recovery.

*Rodia v. Metropolitan Life Insurance Co.*, 354 Pa. 313, 315, 47 A.2d 152, 153 (1946). Accord: *Lucas v. Metropoli-*

*tan Life Insurance Co.*, 339 Pa. 277, 14 A.2d 85, 131 A.L.R. 235 (1940); *Dauphin Deposit Trust Co. v. Lumbermens Mutual Casualty Co.*, 171 Pa.Super. 86, 87–88, 90 A.2d 349, 350 (1952); *Mulholland v. Fidelity & Casualty Co. of New York,* 161 Pa.Super. 425, 427, 55 A.2d 561, 562 (1947); *Puszkarewicz v. Prudential Insurance Co. of America,* 161 Pa.Super. 500, 502–503, 55 A.2d 431, 432 (1947); *Brandeis v. Metropolitan Life Insurance Co.,* 116 Pa.Super. 558, 561, 176 A. 789, 790 (1935); *Lubowicki v. Metropolitan Life Insurance Co.,* 114 Pa.Super. 596, 599, 174 A. 649, 650 (1934). See also: *Frame v. Prudential Insurance Co.,* 358 Pa. 103, 56 A.2d 76 (1948). It has been suggested that a better rule would allow recovery, irrespective of the stringencies of policy language, where the accident is a proximate cause of death even though the death would not have occurred except for the pre-existing condition. See: 1B Appleman, Insurance Law and Practice § 393 (1981). Unless and until this rule is adopted and followed by the Pennsylvania Supreme Court, however, we are obliged to follow the law established by the decided cases.

Dunn, at 49, had a history of hypertensive, cardiovascular disease and was receiving regular treatment therefor. On the evening of March 3, 1977, he responded to an alarm by driving a pump truck to the scene of a fire in Weatherly. In an attempt to improve the pumper's water pressure, he repeatedly struck a pump with a mallet. At the scene of the fire, Dunn suffered a massive heart attack which caused his immediate death.

Maryland Casualty paid a $5,000 death benefit but denied liability for an additional, accidental death benefit. Elizabeth Dunn, the administratrix of the decedent's estate, commenced an action in assumpsit in which she contended that her decedent's death had been accidental. The insurer denied liability, and the action came on for trial before the Honorable John P. Lavelle and a jury. The only factual issue in dispute was the cause of Dunn's death.

The rules regarding a compulsory nonsuit are well established. A judgment of nonsuit can be entered only

in clear cases, and a plaintiff must be given the benefit of all evidence favorable to him, together will [sic] all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. *Flagiello v. Crilly,* 409 Pa. 389, 390–391, 187 A.2d 289, 290 (1963). *See Tolbert v. Gillette,* 438 Pa. 63, 260 A.2d 463 (1970). Thus an order granting a nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established. *Ford v. Jeffries,* 474 Pa. 588, 591–592, 379 A.2d 111, 112 (1977).

*Morena v. South Hills Health System,* 501 Pa. 634, 638, 462 A.2d 680, 682–683 (1983). See: *Target Sportswear, Inc. v. Clearfield Foundation,* 327 Pa.Super. 1, 9, 474 A.2d 1142, 1147 (1984). Our review of the record establishes that the compulsory nonsuit in this case was properly entered.

The certificate of death listed the cause of Dunn's death as "acute myocardial infarction due to hypertensive cardiovascular disease." Dr. Slovak, Dunn's treating physician, was called as plaintiff's witness and testified that for more than twelve years he had been treating Dunn for hypertension, elevated cholesterol, and arteriosclerosis and had diagnosed his condition as cardiovascular disease. He expressed the opinion that his patient's death had been caused by a massive heart attack brought on by exertion. He conceded, however, that the preexisting, cardiovascular disease was a contributing cause of the infarction. Dr. Field, called as an expert in cardiac related death cases, testified in response to a hypothetical question that in his opinion "the physical labor performed by [Dunn] precipitated a sudden and instantaneous cardiac death, secondary to acute myocardial infarction." At the close of his direct testimony, he was asked by plaintiff's counsel whether there was any question that Dunn "died as a result of an acute myocardial infarction *due to hypertensive cardiovascular disease,"* and his answer was "No, there is not."

■ From the plaintiff's own evidence, therefore, it was clear that Dunn's pre-existing, hypertensive cardiovascular disease had been a contributing cause of death. The additional fact that the myocardial infarction had been brought on by physical exertion did not alter the undisputed fact that Dunn's pre-existing condition had been a contributing cause of his death. Appellant was unable to show that an accident, acting independently of the pre-existing cardiovascular disease, had caused the death of her decedent. Under the terms of the policy, therefore, the appellant was not entitled to recover an accidental death benefit.

■ The facts of this case must be distinguished from those cases where there has been evidence that death occurred independently of the insured's pre-existing condition. Where there is evidence from which a jury can find that death occurred either because of an accident or because of a pre-existing condition or disease, it is improper to take the case from the jury. See, e.g.: *Parrish v. Equitable Life Assurance Society of United States*, 376 Pa. 611, 103 A.2d 678 (1954) (conflicting evidence as to whether death caused by fall or brain lesion due to pre-existing condition); *Real Estate Trust Co. of Philadelphia v. Metropolitan Life Insurance Co.*, 340 Pa. 533, 17 A.2d 416 (1941) (conflicting evidence whether death caused by pre-existing disease or blow to head suffered in collision); *Kelly v. Prudential Insurance Co. of America*, 334 Pa. 143, 6 A.2d 55 (1939) (conflicting evidence whether death caused by pre-existing heart disease or fall down steps); *Dickerson v. Prudential Insurance Co. of America*, 158 Pa.Super. 596, 46 A.2d 33 (1946) (conflicting evidence whether death caused by pre-existing brain tumors or fall down stairs); *Shugart v. Metropolitan Life Insurance Co.*, 116 Pa.Super. 359, 176 A. 546 (1935) (conflicting evidence whether death caused by fall or by progressive bone disease). Here, appellant's witnesses were agreed that Dunn's pre-existing cardiovascular disease was a contributing cause of death. By virtue of the specific language of the policy, therefore, accidental death benefits were not payable.

■ Finally, appellant argues that the decedent's pre-existing heart disease was an affirmative defense which appellee waived by failing to plead it properly. This argument is lacking in merit. The decided cases, as we have observed, have uniformly placed the burden on the plaintiff to prove coverage, i.e., that death was caused solely by external and accidental means. The decedent's pre-existing disease, therefore, was not an affirmative defense. Moreover and in any event, the presence of pre-existing heart disease in this case was in fact raised as new matter in appellee's answer and was asserted constantly throughout the proceedings. The defense was not waived; and appellee was not barred from relying thereon at trial. The issue before this court is simply whether appellant's evidence was sufficient, if believed, to establish a right to recover the restricted accidental death benefit under the terms of the policy issued by appellee. For the reasons hereinbefore discussed, we hold that plaintiff failed to prove coverage. The trial court, therefore, could properly enter a compulsory nonsuit.

Affirmed.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

Although I agree with the result reached by the majority, I would treat appellant's final argument in a different fashion than does the majority. As noted in the majority opinion the policy in question contained a basic "caused solely by accident" clause and an express exclusion clause. Appellant contends, however, that appellee waived the express exclusion clause by failing to plead the facts necessary to give rise to the exclusion. See *Janco v. John Hancock Mutual Life Insurance Company*, 160 Pa.Super. 230, 50 A.2d 695 (1947), Pa.R.C.P. 1030. She concludes that this failure meant that the insurance policy should have been construed by the lower court as one in which there was only one restrictive clause, the basic "caused solely by accident" clause.

The distinction between policies with only one restrictive clause and those with two restrictive clauses is dispositive as to what a claimant must show in order to satisfy his burden of proof. As explained in *Johnson v. Kentucky Central Life and Accident Insurance Co.*, 144 Pa.Super. 116, 124, 18 A.2d 507, 511 (1941),

> Where the liability of the insurance carrier is limited by both restrictive clauses, it is not sufficient for the insured or his beneficiary in case of death to establish a direct causal relation between the accident and the death or disability. He must show that the resulting condition was caused *solely* by external and accidental means, and if the proof points to a pre-existing infirmity or abnormality which may have been a contributing factor, the burden is upon him to produce further evidence to exclude the possibility.

> The rule established by the Kelley case, [*Kelley v. Pittsburgh Casualty Co.*, 256 Pa. 1, 100 A. 494 (1917)], however, is as follows: Where the liability of the insurance carrier is limited by the one restrictive clause referred to, that exception in the policy will not relieve the insurer if the accident is the moving, sole and proximate cause of the death, even though a pre-existing disease or physical infirmity be a necessary condition to the result.

In other words, where a policy contains a "caused solely by accident" clause alone, an award in favor of the claimant is required once it is established that an accident was the direct cause of death, whether or not a pre-existing infirmity was a contributing factor in the death. Instantly, appellant contends that, given her argument that the policy contained, in effect, only the one restrictive clause, her evidence that the decedent's heart attack was the direct cause of death was sufficient to submit the case to the jury.

I would disagree with appellant. As noted by the majority, appellee pled the facts of decedent's pre-existing disease in its new matter and argued them in the trial court.

In the cases cited by appellant the insurer relied solely on an exclusionary clause for its defense and, therefore, had to plead *and* prove the facts necessary to give rise to the

exclusion. However, *Johnson, supra,* holds that where an exclusionary clause is relied on in conjunction with another primary restrictive clause, a "caused solely by accident" clause, the burden of proof shifts to the claimant to exclude the possibility that a pre-existing infirmity was a contributing factor to the death, if the proof at trial point to such a possibility. The rule that appears to emerge from a consideration of these cases together is that the insurer must plead the facts giving rise to the exclusion before it can be considered in conjunction with the primary restrictive clause. The only burden the insurer would then bear would be a possible burden of going forward with evidence that a pre-existing infirmity contributed to the death if the evidence adduced during the claimant's case in chief did not point to such a possibility.

In the instant case, appellee pled the facts necessary to give rise to the second restrictive clause (the exclusionary clause), and thus, appellant had the burden of excluding the possibility that a pre-existing infirmity contributed to the death when the evidence in her case in chief pointed to that possibility. Since the evidence she presented, if believed, would not have excluded such a possibility, I agree with the majority that a compulsory nonsuit was properly granted by the lower court.