

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2007

# Ray v. Fed Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ray v. Fed Ins Co" (2007). *2007 Decisions.* Paper 136.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/136

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2515
_____

GEORGE E. RAY,
Appellant

v.

FEDERAL INSURANCE CO./CHUBB
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-02507)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2007

Before:  RENDELL, JORDAN and GARTH, <u>Circuit Judges</u>.

(Filed: December 5, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

George E. Ray appeals from the District Court's May 10, 2007 memorandum

opinion and order entering summary judgment in favor of appellee.  We will affirm for

substantially the same reasons set forth in the District Court's detailed opinion.

I.

Ray claims that on February 1, 2004, he fell down a flight of basement stairs in his home. Three weeks later he sought medical treatment, at Temple University Hospital, for injuries sustained during the alleged accident. He was diagnosed with spondylotic cervical myelopathy, a degenerative condition, and had an operation to relieve symptoms on March 11, 2004. Ray claims that permanent nerve damage and pain in his arms and legs have subsequently rendered him permanently disabled. Under the terms of his insurance contract with Federal Insurance Company and Chubb Group Insurance Companies ("Federal"), Ray filed a claim for an accidental total disability lump sum benefit in the amount of $1 million. Federal denied the claim.

On May 26, 2005, Ray filed a complaint against Federal. In his complaint, Ray seemed to allege that Federal had engaged in fraud in the process of denying his claim and that, separately, Federal had breached the terms of its accidental disability insurance contract with him. In response, Federal argued that Ray was not entitled to any disability benefits because he failed to meet the policy requirements in that his alleged disability was caused in total, or at least in part, by a pre-existing degenerative medical condition and not solely by an accident. In December 2006, at the conclusion of the discovery process, and after a period of what the District Court found to be quite contentious, potentially obstructive pre-litigation conduct by Ray, Federal moved for summary judgment. Ray then filed a motion for sanctions against Federal for perceived misconduct during and prior to the discovery period. On May 10, 2007, the District Court issued an opinion and order granting Federal's motion, denying Ray's motion for sanctions, and

2

explaining that Ray had failed to present any factual evidence to support his claim. Ray timely appealed.

## II.

The District Court had diversity jurisdiction over this action under 28 U.S.C. § 1332, and we have appellate jurisdiction over the District Court's final order under 28 U.S.C. § 1291. Our review of the District Court's interpretation of an unambiguous insurance policy is plenary. See Allison v. Nationwide Mut. Ins. Co., 964 F.2d 291, 293 (3d Cir. 1992). We employ the same test as did the District Court. "Under Federal Rule of Civil Procedure 56(c), that test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (internal quotation omitted).

## III.

The District Court correctly granted summary judgment in favor of Federal pursuant to the terms of the accidental disability benefit contract at issue. "The general rule in Pennsylvania, as elsewhere, is that courts are required to give effect to the language of contracts, including insurance policies, if that language is clear and unambiguous." Tran v. Metro. Life Ins. Co., 408 F.3d 130, 136 (3d Cir. 2005). As the District Court noted, Ray's insurance contract with Federal, effective June 1, 2002, contained two exclusionary clauses; it provided for payment of an accidental permanent total disability lump sum benefit: only if (1) "*accidental* bodily injury cause[d] the primary insured person to have a permanent total disability," and it (2) excluded coverage

3

for "loss caused or resulting from an insured person's emotional trauma, mental or physical illness, disease, pregnancy, childbirth or miscarriage, bacterial or viral infection, or bodily malfunctions."

In Pennsylvania, thedisability benefits in accidental insurance policies which contain an additional exclusion from coverage for any disability caused directly or indirectly by physical illness or disease, such as the policy here, are construed quite narrowly. Cf. Weiner v. Metro. Life Insurance Co., 416 F. Supp. 551, 553 (E.D. Pa. 1976). In Shiffler v. Equitable Life Assur. Soc. of U.S., 838 F.2d 78, 84 (3d Cir. 1988) (affirming summary judgment granted for an insurance company regardless of whether a death was caused primarily through accidental means since a physician's report indicated heart disease prior to heart attack), we explained this distinction as follows:

> [w]here an insurance policy contains a clause providing for recovery for fatal injuries "caused solely through violent external and accidental means," then there may be recovery on the policy if the accident was the predominant or proximate cause of death. See Johnson v. Kentucky Central Life & Acc. Ins. Co., 144 Pa. Super. 116 [] (1941). However, if the policy contains an additional clause precluding recovery if the death was caused directly or indirectly by disease, there can be no recovery if pre-existing disease contributed to the death. Weiner v. Metropolitan Life Insurance Co., 416 F. Supp. 551 (E.D. Pa. 1976); Dunn v. Maryland Casualty Co., 339 Pa. Super. 70 [] (1985).

See also Allison, 964 F.2d at 293. Thus, under applicable law, in order to recover benefits, Ray bore the burden of showing that his condition came about solely as a result of the alleged accident in his basement, and that no other cause, including a pre-existing degenerative medical condition, contributed in any way to his current condition.

4

Ray failed to satisfy his burden of proof to show that his injury was solely caused by an accident.  In fact, there was considerable medical evidence which led the District Court, quite correctly, to determine otherwise.  Contrary to Ray's claim that the February 1 accident solely caused his current disability symptoms, the evidence showed that his current medical condition plainly pre-dated the accident.  The record contains numerous similar pre-accident complaints, concerning numbness in his extremities, dating back to July 2003.  Further, even post-accident when Ray sought treatment at Temple University Hospital on February 26, the records indicated that the symptoms he was experiencing, such as progressive weakness and numbness of hands and feet, had begun 9 months prior.  Further, there was no mention of the occurrence of the accident.  In response, Ray failed to proffer any evidence, including any potential expert testimony, to support his claim.  Consequently, under the plain terms of the accidental disability plan, as construed under Pennsylvania law, Ray could not recover as he could prove no set of facts which could have entitled him to relief.

We will affirm the District Court's grant of summary judgment in favor of Federal.[1]

---

[1]  Ray also contends that Federal engaged in fraud or misrepresentation in denying his claim.  To the extent that Ray continues to raise the issue in this appeal, we deny the claim as it is unsupported by the record.  Relatedly, we also affirm the District Court's denial of Ray's motion for sanctions.  In addition, given our disposition, Federal's motion



to strike portions of Ray's brief and appendix is denied.