OPINION
PER CURIAM.
Appellant George E. Ray appeals from the District Court’s order granting Appel-lee Federal Insurance Company’s (“Federal”) motion to dismiss on res judicata grounds. We will affirm.
I.
In May 2008, Ray filed a pro se complaint against Federal, alleging “deceptive and fradulent [sic] business practices,” “false representations (mail fraud),” “forgery,” and “perjury” in conjunction with the previous litigation concerning Federal’s denial of Ray’s claim for disability benefits (hereinafter, “Ray /”). The District Court aptly summarized the arguments presented in Ray I as follows:
Ray averred that Federal breached its insurance contract with him by not providing him with total disability benefits after he fell down a flight of stairs. Federal defended itself by pointing to specific evidence that Ray’s disability was caused, at least in part, by his preexisting degenerative condition (spondylotic cervical myelopathy) ... The earlier litigation also addressed Ray’s claims that Federal ‘lied to the Pennsylvania Insurance Commission’ and ‘that Federal and its counsel engaged in several acts of misconduct, most notably lying to Ray and to this Court.’ The Court considered these claims in conjunction with Ray’s motion for sanctions against Federal, which generally averred ‘that Federal ‘lied,’ ‘falsified evidence,’ and violated the Court imposed deadlines for producing discovery and filing certain motions.’
(Dist. Ct. Op. at 2.)
We affirmed the District Court’s entry of summary judgment in favor of Federal in Ray I, finding that “Ray failed to satisfy his burden of proof to show that his injury was solely caused by an accident,” and that “the evidence showed that his current medical condition plainly pre-dated the accident.” Ray v. Federal Ins. Co./Chubb, 256 Fed.Appx. 566, 569 (3d Cir.2007). In addition, we affirmed the District Court’s denial of Ray’s motion for sanctions and characterized his contention that “Federal engaged in fraud or misrepresentation in denying his claim” as “unsupported by the record.” Id. at 569 n. 1.
*107 In the current case (hereinafter, “Ray II ”), the District Court granted Federal’s motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and denied Ray’s motion for summary judgment as moot. The District Court agreed with Federal that Ray’s claims alleging misconduct on the part of Federal were barred by the doctrine of res judicata. Ray appealed.
II.
The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court’s order granting a motion to dismiss for failure to state a claim. See McGovern v. Philadelphia, 554 F.3d 114, 115 (3d Cir.2009). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotation omitted); see also United States Dep’t of Transp., ex rel Arnold v. CMC Eng’g, 564 F.3d 673, 676 (3d Cir.2009).
III.
For substantially the reasons given in the Disti’ict Court’s opinion, and in part based upon our conclusions in Ray I, we find that Ray’s complaint “does not plausibly suggest an entitlement to relief.” Arnold, 564 F.3d at 676. His claims are barred by res judicata.
Res judicata encompasses two preclusion concepts-issue preclusion, which forecloses litigation of a litigated and decided matter (often referred to as collateral estoppel), and claim preclusion, which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); see also Nevada v. United States, 463 U.S. 110, 130, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983) (“res judicata provides that when a final judgment has been entered on the merits of a case, ‘[i]t is a finality as to the claim or demand in controversy ..., not only as to every matter which offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose’ ”) (quotation omitted).
Although Ray I was initiated on a breach of contract theory, Ray made it a point in that case to include the same fraud-based claims that he now brings in Ray II. Ray’s semantic parsing notwithstanding, and as the District Court demonstrated (Dist. Ct. Op. at 7-11), Ray II is indeed Ray’s second suit against Federal, following a final judgment on the merits in Ray I, and it contains a sufficiently similar cause of action to Ray I: “fraudulent business practices” concerning Federal’s denial of disability benefits to Ray. See United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir.1984). In arguing against the applicability of res judicata, Ray appears to assert that because his claims of fraud, forgery, etc., were found to be “immaterial, unsubstantiated, meritless and irrelevant” (App. Br. at 5), they should not have preclusive effect. This position is untenable, and only bolsters support for the application of res judicata.[1]
*108 Therefore, we will affirm the District Court’s order granting Federal’s motion to dismiss. Federal’s pending motion for leave to file a supplemental appendix is granted, and its motion to strike exhibits from Ray’s brief is denied.

. To the extent that Ray is also claiming violations of his First, Fourth, Ninth and Fifteenth Amendment rights (App. Br. at 8), these claims were not presented to the District Court and are therefore not properly raised on appeal. See United States v. Garth, 188 F.3d 99, 106 n. 7 (3d Cir.1999)